Anthony T. **PANTO**

v.

**MOORE BUSINESS FORMS, INC.**

Civ. No. 87–13–D.

United States District Court,
D. New Hampshire.

Jan. 5, 1988.

Daniel C. Hoefle, Portsmouth, N.H., Michael R. Brown, Boston, Mass., for defendant.

## ORDER

DEVINE, Chief Judge.

This Order addresses the issues raised by defendant's motion seeking judgment on the pleadings, dismissal of plaintiff's amended complaint, and withdrawal of this Court's previous Order of Certification to the New Hampshire Supreme Court (*see* Order of May 21, 1987). The Court also addresses plaintiff's motion to amend his amended complaint by adding two counts under the Employee Retirement Income Se-

curity Act ("ERISA"), 29 U.S.C. §§ 1001–1461, to the single state law count presently set forth.

### Background

On January 13, 1987, plaintiff Anthony T. Panto filed a breach of contract diversity action in this court. The gravamen of his complaint was that defendant Moore Business Forms, Inc. ("Moore"), entered into and then breached a contract with him. The purported breach occurred when Moore allegedly failed to provide plaintiff with severance pay and related benefits following the termination of his employment, in contravention of statements set forth in Moore's unilaterally promulgated written employee policy manual entitled "Layoffs and Recalls".

On March 12, 1987, Moore moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., contending that a unilaterally promulgated employment policy is not an enforceable contract under New Hampshire law. By Order of April 17, 1987, this Court certified the issue to the New Hampshire Supreme Court seeking "guidance as to whether the current state of the law of New Hampshire [is] such as to permit recovery on an implied contract of employment contained in a policy and procedure manual." Slip op. at 5 (Order Apr. 17, 1987). The New Hampshire Supreme Court declined to answer the questions as posed, but on October 16, 1987, agreed to answer reformulated questions and directed the parties to file briefs.

On December 4, 1987, Moore filed the instant motion seeking, for the first time, dismissal for lack of subject matter jurisdiction. In support thereof, Moore asserts that

> regardless of the New Hampshire Supreme Court's answers to the certified questions, Plaintiff's cause of action must be dismissed because it is pre-empted by [ERISA]. Thus, further proceedings on the questions of state law would unnecessarily occupy the time of both this Court and the New Hampshire Supreme Court.

Memorandum in Support of Defendant's Motion for Judgment on the Pleadings at 2–3. Contemporaneously, Moore moved the New Hampshire Supreme Court to suspend its briefing schedule and delay oral argument on the certified questions until this Court ruled on the instant motion.

Having received plaintiff's memorandum in opposition on December 29, 1987, and mindful that the New Hampshire Supreme Court has set oral argument for February 1988, the Court moves to expeditiously address the issues raised by Moore's motion. These issues are: (1) whether ERISA preempts state laws regarding severance benefits of the type in contention here; and (2) if so, whether answers to questions of state law would continue to be relevant.

### Discussion

#### Preemption of State Law

■ ERISA applies to any "employee benefit plan" if it is established "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). The term "employee benefit plan" encompasses the term "welfare benefit plan", id. § 1002(3), which in turn encompasses employer programs which provide severance pay benefits, 29 U.S.C. § 1002(1)(B); 29 C.F.R. § 2510.3–1(a)(3) (1987); see also, e.g., Fort Halifax Packing Co. v. Coyne, —— U.S. ——, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987); Gilbert v. Burlington Indus., 765 F.2d 320, 324–26 (2d Cir.1985), aff'd mem., 477 U.S. ——, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986). The severance pay plan at issue here being within the ERISA definition of "welfare benefit plan", and Moore clearly being an employer engaged in commerce, Moore's severance pay benefit plan is governed by ERISA. See, e.g., Adam v. Joy Mfg., 651 F.Supp. 1301, 1306 (D.N.H.1987) (and citations therein). Indeed, by seeking to add two ERISA counts to his complaint, plaintiff himself implicitly acknowledges that ERISA applies to this action.

Applicability of ERISA having been established, plaintiff's state law claim for breach of contract is subject to ERISA's preemption provision, section 514(a), which

states in pertinent part that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employment benefit plan" covered by ERISA. 29 U.S.C. § 1144. For ERISA purposes, "state law" is broadly defined to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." *Id.* § 1144(c)(1). Because plaintiff's breach of contract claim is based on "state law", and because the claim does not fall within one of the enumerated exceptions to section 514(a), *see id.* § 1144(b)(2)(A) (state laws regulating insurance, banking, and securities), plaintiff's state law claim is preempted. *See Pilot Life Ins. Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 1553, 1558 & n. 4, 95 L.Ed.2d 39 (1987); *Blakeman v. Mead Containers,* 779 F.2d 1146, 1151 (6th Cir.1985); *Holland v. Burlington Indus.,* 772 F.2d 1140, 1146–48 (4th Cir.1985), *aff'd mem.,* — U.S. —, 106 S.Ct. 3267, 91 L.Ed. 559 (1986); *Gilbert, supra,* 765 F.2d at 328 (and citations therein). Thus, plaintiff's amended complaint, with its single state law count, does not state a claim upon which relief can be granted.

■ However, as stated above, plaintiff has moved to amend his complaint pursuant to Rule 15(a), Fed.R.Civ.P., to add two ERISA counts. It is mandated that leave to amend "shall be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P.; *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Moreover, the Federal Rules of Civil Procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *United States v. Hougham,* 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960), *reh'g denied,* 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372 (1961) (quoting *Conley v. Gib-*

*son,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

The amendments at issue here were sought in a timely manner—within thirty days of receiving Moore's motion for judgment on the pleadings. Moore can hardly fault Panto for having missed the ERISA preemption issue when Moore admits that it only discovered the issue while preparing its brief to the New Hampshire Supreme Court. Defendant's Memorandum at 2. Furthermore, amendment would change only the legal theory of recovery; additional fact witnesses would not be required, nor would further delay result if amendment were allowed. In sum, justice would be served by allowing amendment, and the Court therefore exercises its sound discretion to do so. *See Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir.1983); *see also Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1506 (9th Cir.1985) (plaintiffs given leave to amend to add ERISA claims upon dismissal of state law claims). At the same time, in conformity with the discussion set forth above, plaintiff's state law breach of contract claim must be and is herewith dismissed.[1]

### Continued Relevance of Certification

■ Having dismissed plaintiff's state law claim, the Court must consider the propriety of proceeding with certification. For the purposes of ERISA, answers provided by the New Hampshire Supreme Court through the certification process will be "state law", *see* 29 U.S.C. § 1144(c)(1); therefore, at first blush it would appear that ERISA's preemption provision would apply, negating the value of any answers received. The Court finds that in light of *Fort Halifax Packing Co., supra,* certification on the questions previously posed to the New Hampshire Supreme Court is necessary to achieve proper resolution of this action.

In *Fort Halifax,* the United States Supreme Court faced the issue of whether

---

1. Because the New Hampshire Supreme Court has set oral argument to take place in the very near future, and in light of the liberal attitude taken toward motions to amend, *see Foman v. Davis, supra,* 371 U.S. at 182, 83 S.Ct. at 230, in the interest of expediency this Court has taken the unusual procedural step of ruling on plaintiff's motion to amend without waiting to consider Moore's objection thereto. *See* Rule 11(c), Rules of the United States District Court for the District of New Hampshire.

ERISA preempted a Maine statute requiring employers to provide a one-time severance payment to employees in the event of a plant closing.[2] *Fort Halifax Packing Co. supra,* 107 S.Ct. at 2213–14. The Court found that, considering "the plain language of ERISA's pre-emption provision, the underlying purpose of that provision, and the overall objectives of ERISA itself," *id.* at 2215, ERISA's preemption provision did not foreclose Maine's state legislation regarding employee benefits.

The heart of the Supreme Court's analysis was the distinction it drew between the words "plan" and "benefit". The Court defined "plan" as the ongoing administrative program or set of practices an employer must follow in order to guide the processing of claims and disbursement of benefits. *Id.* at 2216–17. On the other hand, the Court defined "benefits" in terms of employer obligation: the responsibility of an employer to make payment upon the happening of a contingency, an *obligation* which might be satisfied by a onetime lump-sum payment, or which might *never* materialize if particular predicate conditions are not met and therefore might not require establishment of a "plan" at all. *Id.* at 2217–18.

Examining Congressional intent, the Court found that although Congress had intended ERISA to preempt state laws relating to *plans,* "to afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations," *id.* at 2217, Congress had not intended ERISA to preempt state laws relating to *benefits.* The Court wrote:

Only a plan embodies a set of administrative practices vulnerable to the burden that would be imposed by a patchwork scheme of regulation. ... Neither the possibility of a onetime payment in the future, nor the act of making such a payment, in any way creates the potential for the type of conflicting regulation of benefit plans that ERISA pre-emption was intended to prevent.

*Id.* at 2217, 2219. The Court held that because the Maine statute neither established nor required employers to maintain employee welfare benefit "plans", but merely established that employers had particular obligations if certain circumstances existed, state law was not preempted. *Id.* at 2215.

In the instant case, the questions certified to the New Hampshire Supreme Court essentially ask whether statements in an employee policy and procedure manual give rise to obligations. Whichever way the New Hampshire Supreme Court answers, its answers will neither establish nor require employers to maintain employee welfare benefit "plans". Rather, the court's answers will address substantive employee benefits; that is, the court's answers will legally recognize that, having published and distributed an employee manual, an employer has, or, alternatively, does not have, concomitant obligations.

Furthermore, it is irrelevant that the answer of the New Hampshire Supreme Court as to the obligations inhering from statements in an employee manual might be different from that obtained in another state. In *Fort Halifax,* the Supreme Court

**2.** Also at issue, but not germane to the motion at bar, was whether the Maine statute was preempted by the National Labor Relations Act, 29 U.S.C. §§ 157–58.

The statute at issue, Me.Rev.Stat.Ann. tit. 26, § 625–B (Supp.1986–87), provides in pertinent part:

2. Severance pay. Any employer who relocates or terminates a covered establishment shall be liable to his employees for severance pay at the rate of one week's pay for each year of employment by the employee in that establishment. The severance pay to eligible employees shall be in addition to any final wage payment to the employee and shall be paid within one regular pay period after the em-

ployee's last full day of work notwithstanding any other provisions of law.

3. Mitigation of severance pay liability. There shall be no liability for severance pay to an eligible employee if:

A. Relocation or termination of a covered establishment is necessitated by a physical calamity;

B. The employee is covered by an express contract providing for severance pay;

C. That employee accepts employment at the new location; or

D. That employee has been employed by the employer for less than 3 years.

*Fort Halifax Packing Co., supra,* 107 S.Ct. at 2213 n. 1.

made clear that the overall objectives of ERISA are not undermined by employers' being subject to different obligations depending on the state in which they are located, so long as the administrative programs or practices necessary to meet those obligations (i.e., the employers' *plans*) are not subject to conflicting regulations. *Id.* at 2215–19. And, inasmuch as ERISA does not differentiate between judicially-created law and statutory law, 29 U.S.C. § 1144(c)(1), this Court sees no reason to differentiate between the obligation (or lack thereof) at issue in the instant case which will be based on a judicially-created state law interpretation of the contractual import of a written instrument, and the obligation which arose by operation of state statute in *Fort Halifax*, which was deemed not to have been preempted by ERISA.

### Conclusion

For the reasons hereinabove stated, plaintiff's motion to amend his complaint (document no. 27) is granted. Defendant's motion for judgment on the pleadings, dismissal of plaintiff's amended complaint, and withdrawal of this Court's previous Order of Certification to the New Hampshire Supreme Court (document no. 26) is granted insofar as granting dismissal of plaintiff's state law claim for breach of contract, but denied in all other respects. The Court holds that ERISA does not preempt state law establishing or addressing substantive employee benefits; accordingly, the Court herewith finds that certification is necessary to resolve the issues raised by this lawsuit and should proceed.

The Court further notes that Moore's motion to dismiss the amended complaint (document no. 12) is rendered moot by this Order and will therefore not be addressed. And finally, although resolution of the issues addressed in this Order was necessary in order to determine whether certification should proceed, the parties are reminded that this Court's Order of May 21, 1987, is still in effect, staying all further proceedings until such time as the New Hampshire

Supreme Court has resolved or otherwise disposed of the certified questions.

SO ORDERED.